UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMELIA RODRIGUEZ, | |
| Plaintiff, | |
| -against- | 18-CV-9876 (LLS) |
| POST MALONE; ANDREW WATT; LOUIS BELL; REPUBLIC RECORDS, | ORDER TO AMEND |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff Amelia Rodriguez, who appears *pro se*, brings this action asserting that the defendants infringed her copyright.[1] The Court construes Plaintiff's complaint as asserting claims under the Copyright Act. On May 29, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

---

[1] Plaintiff has consented to electronic service of Court documents. (ECF No. 3.)

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff, a Staten Island resident, sues Post Malone, Andrew Watt, and Louis Bell, who she describes as "producers." She also sues Republic Records, which she describes as a "record label." Plaintiff does not provide an address for any defendant.

Plaintiff alleges that on April 7, 2017, Malone "took [Plaintiff's] riff and used it in his own song 'Over Now.'" (ECF No. 2, at 5.) She asserts that Malone did so without her consent. Plaintiff states that she has "evidence dated back to" April 6, 2017, "that [she] created the original song 'Tim.'" (*Id.*) Plaintiff specifically accuses Malone of infringing her copyright.

Plaintiff does not mention anything about the other defendants. But she seeks "100% of all proceeds received on streaming platforms, including those that have been taken down." (*Id.* at 6.)

## DISCUSSION

### A.   Copyright infringement

The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).[2] District courts within this

---

[2] The Copyright Act includes the following provision for copyright infringement claims made with respect to "a work consisting of sounds, images, or both, the first fixation of which is made simultaneously with its transmission":

> the copyright owner may, either before or after such fixation takes place, institute an action for infringement . . . if, in accordance with requirements that the Register of Copyrights shall prescribe by regulation, the copyright owner –
> (1) serves notice upon the infringer, not less than 48 hours before such fixation, identifying the work and the specific time and source of its first transmission, and declaring an intention to secure copyright in the work; and (2) makes registration

Circuit require a plaintiff to plead the following to state a copyright infringement claim: "(1) [the] specific original works [that] are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been [preregistered or] registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." *Conan Props. Int'l LLC v. Sanchez*, No. 1:17-CV-0162, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (internal quotation marks and citation omitted, collecting cases).

Plaintiff has failed to allege facts (1) specifying the work that is the subject of her copyright infringement claims, (2) showing her ownership of the copyright at issue, (3) showing that she preregistered or registered her copyright with the United States Copyright Office, and (4) showing how and when the defendants infringed her copyright. The Court grants Plaintiff

---

for the work, if required by subsection (a), within three months after its first transmission.

17 U.S.C. § 411(c). The Supreme Court has recently stated that:

> [i]n limited circumstances, copyright owners may file an infringement suit before undertaking registration. If a copyright owner is preparing to distribute a work of a type vulnerable to predistribution infringement – notably, a movie or musical composition – the owner may apply for preregistration. The Copyright Office will "conduct a limited review" of the application and notify the claimant "[u]pon completion of the preregistration." Once "preregistration . . . has been made," the copyright claimant may institute a suit for infringement. Preregistration, however, serves only as "a preliminary step prior to a full registration." An infringement suit brought in reliance on preregistration risks dismissal unless the copyright owner applies for registration promptly after the preregistered work's publication or infringement. A copyright owner may also sue for infringement of a live broadcast before "registration . . . has been made," but faces dismissal of her suit if she fails to "make registration for the work" within three months of its first transmission. Even in these exceptional scenarios, then, the copyright owner must eventually pursue registration in order to maintain a suit for infringement.

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019) (citations omitted).

leave to file an amended complaint in which she alleges such facts. The Court encourages Plaintiff to attach to her amended complaint any documentation that shows that she owns the copyright at issue and that she preregistered or registered it.

### B.    Venue and personal jurisdiction

Copyright infringement claims must be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Courts have found that a defendant "may be found [for purposes of § 1400(a)] in any district in which he is subject to personal jurisdiction." *Boehm v. Zimprich*, No. 13-CV-1031 (PAC), 2013 WL 6569788, at *2 (S.D.N.Y. Dec. 13, 2013) (collecting cases).

Additionally, courts have determined personal jurisdiction for the purpose of copyright infringement claims by looking to New York State's long-arm statute, Section 302 of the New York Civil Practice Law and Rules, which, among other things, permits personal jurisdiction over a "non-domiciliary . . . who . . . transacts any business within the state or contracts anywhere to supply goods or services in the state . . . ." N.Y.C.P.L.R. § 302(a)(1); *see Boehm*, 2013 WL 6569788, at *2; *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), *aff'd*, 71 F.3d 464 (2d Cir. 1995).

Plaintiff has failed to provide an address for any of the defendants. Thus, the Court cannot determine whether this Court is a proper venue for Plaintiff's copyright infringement claims by virtue of the defendants' residencies or presence in this judicial district. Plaintiff has also failed to allege any other facts showing why this Court is a proper venue for her claims. The Court therefore grants Plaintiff leave to file an amended complaint in which she alleges facts showing why this Court is a proper venue for her claims.[3]

---

[3] The Court notes that while Plaintiff has consented to electronic service of Court documents, she has failed to provide the Court with her complete mailing address on Staten

**C.    Leave to amend**

The Court grants Plaintiff leave to file an amended complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the address for any named defendant. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's claims, including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated her federally protected rights; *what* facts show that her federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

---

Island. The Court also notes that Staten Island, which is in Richmond County, New York, does not lie within this judicial district – it lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-9876 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   June 7, 2019
         New York, New York

_____
Louis L. Stanton
U.S.D.J.